IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. NESSER,

    Petitioner,

v.

JEFFREY WOLFE, Warden,

    Respondent.

CASE NO. 2:06-cv-546
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## ORDER

On April 16, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed because each of petitioner's five claims was either unexhausted or procedurally barred by his failure to properly present it to the Ohio courts. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Additionally, on June 1, 2007, petitioner filed a supplemental brief based on review of the trial transcript. Doc. No. 22. For the reasons that follow, petitioner's objections are **OVERRULED** and this action is hereby **DISMISSED**.

Petitioner again raises all of the same arguments that were previously presented. Petitioner again asserts that he is actually innocent of the charges against him, and objects to the Magistrate Judge's failure to address such allegation. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Cress v. Palmer*, – F.3d –, 2007 WL 1006928 (6th Cir. April 5, 2007)(citations omitted). However,

> a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo,* 513 U.S. 298, 326-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

*Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[FN5] *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90. Here petitioner argues that there was no physical evidence that he sexually abused the three year old victim and no eyewitness evidence. The mother and a nurse merely testified that they believed something happened and that David Nesser must be guilty.

2

The record at trial does not support Nesser's bald assertion of actual innocence. Nesser lived for 8-9 months with a woman and her 3-year old boy.[1] (Tr. 51.) In July 2001, the 3-year old told his mother, "Mommy, someone's humping my butt." (Tr. 54.) When the mother related what her son had said to Nesser, he responded, "[I]t wasn't me." (Tr. 55.)

Detective Robert Huffman testified that on August 9, 2001 he interrogated Nesser. (Tr 64.) Petitioner was not under arrest, was not in custody, and was free to leave at any time. (Tr. 65.) Detective Huffman told Nesser that the three year old had said that he had "humped his butt" and asked him to explain why the child would have said that. Nesser denied any sexual contact with the child.

As an interrogation technique, Detective Huffman asked Nesser if he would take a polygraph test. (Tr. 67.) Initially, he said he would pass a polygraph test, but then said that "he may have a problem with this passing a polygraph test." (Tr. 68.)

Nesser said that he needed help. He himself had been a victim of sexual abuse. "[H]e felt that he had a problem in this area. . . ." (Tr. 69.)

At this point in the interrogation, Nesser said that he and the three year old had taken a shower together, then "they were fooling around in the bedroom." *Id.* He pushed himself against the child's buttocks and told him that "this is what a [butt] slam is." (Tr. 70.) Nesser said that he had a partial erection while he was "playing with" the three year old and "had put his penis between [the child's] buttock cheeks." *Id.* Nesser also admitted two similar incidents. A couple of times "he placed baby oil on his penis and [the child's] buttocks to lubricate the action." (Tr. 71.)

---

[1] The child was born October 10, 1997. (Tr. 59.)

3

Nesser told the detective that the three year old came on to him, lay on the floor with his buttocks in the air, and spread his buttock cheeks. Nesser said that he "pleaded" with [the child that] this is wrong, and that [the child] told him to shut up" and "requested that Mr. Nesser perform his sexual act on him." (Tr. 71-72.)

Nesser then broke down crying. He said that he could not go to jail, that all he wanted was to have a family, and that he needed help. (Tr. 72.) Nesser then made a written statement that he had sexual contact three times with the three year old, "but that he didn't mean to, that [the child] came on to him, and that he just wants to be with them and love them and he wants help for all of them." (Tr. 72-74.)

On August 10, 2001, Janet McCleery, a registered nurse employed at Licking Memorial Hospital, The Kids Place at Licking County, evaluated the three year old boy. (Tr. 90 and 94.) Using anatomical drawings, the child gave the nurse "a history of genital to genital [penis to buttocks] contact." (Tr. 96.) He said that "Dave . . . put his wing ding . . . to my butt" and that it hurt. (Tr. 98.)

Petitioner also objects to the Magistrate Judge's denial of his request for a copy of the state trial transcript. Petitioner contends that he has been denied meaningful review because he is without access to the state trial transcript. As noted by the Magistrate Judge, petitioner may obtain a copy of the trial transcript from his former appellate counsel. Further, the transcript has been made reviewed as a part of the record before this Court. It does not provide petitioner the relief he seeks here.

4

Pursuant to 28 U.S.C. 636(b)(1)(B), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For all of the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

6-18-2007

EDMUND A. SARGUS, JR.
United States District Judge