IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. NESSER,

    Petitioner,

v.

JEFFREY WOLFE, Warden,

    Respondent.

CASE NO. 2:06-cv-546
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On June 19, 2007, final judgment was entered dismissing the instant petition pursuant to 28 U.S.C. §2254. This matter is now before the Court on petitioner's July 16, 2007, motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal. For the reasons that follow, petitioner's request for a certificate of appealability and his request to proceed *in forma pauperis* on appeal are **GRANTED**.

In this habeas corpus petition, petitioner asserts:

> 1. Petitioner's constitutional and due process rights were violated by the State of Ohio when it imposed his unconstitutional sentence.
>
> Petitioner was sentenced to a prison term of 9 years in violation of the Sixth Amendment.... based upon findings of the trial court alone.
>
> 2. Petitioner has been denied his due process, equal protection and constitutional rights by the Ohio courts who have denied meaningful review/justice.
>
> 3. The new (2-28-06) Ohio Supreme Court decision (under appeal) violates due process, the Ohio and U.S. Constitution, and separation of powers doctrine.
>
> 4. Denial of the right to effective assistance of counsel.

> 5. Denied constitutional rights, to include equal protection and due process at jury trial, that was an unfair trial.
>
> [T]he jury trial went unchallenged by counsel and the State Attorney presented false testimony, twisting all facts, and did not have any proof of any sexual imposition at all, let alone any against this innocent defendant.

On June 19, 2007, the Court dismissed all of petitioner's claims as procedurally defaulted.

> Where the Court dismisses a claim on procedural grounds, a certificate of appealability
>
> > should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has met this requirement here. Petitioner's request for a certificate of appealability therefore is **GRANTED**. The Court certifies the following issue for appeal:

> Did the District Court properly dismiss petitioner's claims as procedurally defaulted?

The Court must also consider petitioner's motion for leave to proceed *in forma pauperis* on appeal. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949

2

(6th Cir. 1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Upon a review of petitioner's affidavit of indigency, Court concludes that he cannot. His request for leave to proceed *in forma pauperis* on appeal therefore is **GRANTED**.

**IT IS SO ORDERED**.

                                                    /s/     7-30-2007
                                                   EDMUND A. SARGUS, JR.
                                                   United States District Judge